UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAWN J. PRESTON,

    Plaintiff,

v.

LAKEWOOD POLICE, *et al*.,

    Defendants.

CASE NO. C08-5748RBL

ORDER

This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates Judges' Rules MJR 1, MJR 3, and MJR 4. The matter is before the Court on Plaintiff's motion for an extension of time (Doc. 12) and Plaintiff's motion for appointment of counsel (Doc. 14). After reviewing the two motions and the balance of the record, the undersigned finds and orders as follows:

(1) On January 28, 2009, the court directed Plaintiff to submit the forms and documents required for service. *See* Doc. 5. Plaintiff was directed to submit the forms by not later than February 20, 2009. The court clerk has not received the necessary forms, copies, and documents from Plaintiff to submit to the U.S. Marshal for service.

ORDER - 1

Since submission of the Complaint, it appears Plaintiff has moved from the Pierce County Jail to Western State Hospital. On March 30, 2009, Plaintiff filed a motion (Doc. 12), asking for an extension of time to submit the materials to the court clerk. Plaintiff asks for a continuance until June 9, 2009. Providing Plaintiff more time to submit the copies and documents to conduct service is appropriate. Accordingly, the court **GRANTS** the motion for an extension of time. Plaintiff shall submit the necessary copies and forms to the court clerk by no later than **June 9, 2009**.

(2) There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(e) (1), can request counsel to represent a party, the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* (Dkt # 7). This case is not in a posture where the court can determine the likelihood of success on the merits. Plaintiff's Motion to Appoint Counsel (Doc. 14) is therefore **DENIED**.

DATED this 6th day of May, 2009.

_____
J. Richard Creatura
United States Magistrate Judge